**Hearing Date & Time:** _____
**Objection Deadline:** _____

David B. Shemano, Esq.
**ROBINS KAPLAN LLP**
601 Lexington Avenue
Suite 3400
New York, NY 10022-4611
Tel: (212) 980-7400
Fax: (212) 980-7499

- and -

Howard J. Weg, Esq. (*pro hac vice* pending)
Scott F. Gautier, Esq. (*pro hac vice* pending)
**ROBINS KAPLAN LLP**
2049 Century Park East
Suite 3400
Los Angeles, CA 90067-3208
Tel: (310) 552-0130
Fax: (310) 229-5800

*Proposed Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 33 PECK SLIP ACQUISITION LLC, | Case No. 15-12479 |
| Debtor, | (Joint Administration Pending) |
| In re: | Chapter 11 |
| 52 WEST 13TH P, LLC, | Case No. 15-12482 |
| Debtor, | |

1

75620528.1

| | |
|---|---|
| In re:<br><br>GEMINI 37 WEST 24TH STREET MT, LLC,<br><br>Debtor, | Chapter 11<br><br>Case No. 12-12481 |
| In re:<br><br>36 WEST 38TH STREET, LLC,<br><br>Debtor, | Chapter 11<br><br>Case No. 15-12480 |

**MOTION OF THE DEBTORS FOR AN ORDER PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

33 Peck Slip Acquisition LLC ("Best Western Seaport") and its affiliates: 52 West 13th P, LLC ("Jade Greenwich Village"); Gemini 37 West 24th Street MT, LLC ("Wyndham Flatiron"); and 36 West 38th Street LLC ("Bryant Park Lot"), as debtors and debtors in possession (collectively, the "**Debtors**"), hereby move on an emergency basis for entry of an Order directing joint administration of the Debtors' voluntary chapter 11 cases (the "**Chapter 11 Cases**") for procedural purposes only (the "**Motion**"). In support of this Motion, the Debtors separately filed the Declaration of Christopher La Mack pursuant to Local Bankruptcy Rule 1007-2 (the "**La Mack Declaration**").

**I.**

**JURISDICTION**

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter relates to the administration of the Debtors' Estates and,

2

accordingly, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").

## II.

## GENERAL BACKGROUND

2. On the date hereof (the "**Petition Date**"), the Debtors commenced the Chapter 11 Cases. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Additional factual background relating to the Debtors' businesses and the commencement of the Chapter 11 Case is set forth in detail in the *Declaration of Christopher La Mack Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York In Support of Debtors' Emergency and Other 'First-Day' Motions* (the "**First Day Declaration**"), filed contemporaneously herewith and fully incorporated herein by reference.

## III.

## FACTS SPECIFIC TO THIS MOTION

4. La Mack, Obeid and Massaro each own 33.3% of the membership interests of both Gemini Real Estate Advisors, LLC ("GREA") and Gemini Equity Partners, LLC ("GEP"), which entities may act by majority vote of the members. La Mack, Obeid and

3

75620528.1

Massaro, through GREA and GEP, indirectly control the voting securities of each of the four Debtors.

5.      While the Debtors will continue to operate as separate and distinct entities during the pendency of the Chapter 11 Cases, the Debtors share many common creditors and business relationships, such as contractual relationships, with third parties.

6.      The Debtors do not propose to take any action that would constitute substantive consolidation of their Estates, but rather seek entry of an order directing joint administration of their Chapter 11 Cases for procedural purposes only. The Debtors believe that entry of an order directing joint administration of the Chapter 11 Cases substantially will reduce the administrative costs of the Chapter 11 Cases, ease the administrative burden on the Court and the parties, simplify the United States Trustee for the Southern District of New York's (the "**U.S. Trustee**") supervision of the administrative aspects of these cases and have no adverse effect on creditors because it requests only administrative, and not substantive, consolidation of the Estates. Accordingly, the Debtors believe joint administration is in the best interest of the Estates.

### IV.

### THE DEBTORS' CHAPTER 11 CASES SHOULD BE JOINTLY ADMINISTERED UNDER FRBP 1015(b)

7.      Bankruptcy Rule 1015(b) empowers this Court to order the joint administration of two or more cases under the Bankruptcy Code under specified

4

circumstances. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

8. Section 101(2) of the Bankruptcy Code defines "affiliate" to mean, among other things:

> corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

11 U.S.C. § 101(2). LaMack, Obeid and Massaro each own 33.3% of the membership interests of both Gemini Real Estate Advisors, LLC ("GREA") and Gemini Equity Partners, LLC ("GEP"), which entities may act by majority vote of the members. LaMack, Obeid and Massaro, through GREA and GEP, indirectly control the voting securities of the Debtors; hence, the Debtors are each "affiliates" as that term is defined in Bankruptcy Code section 101(2)(B). Accordingly, Bankruptcy Rule 1015(b)(4) authorizes the joint administration of the Debtors' Chapter 11 Cases.

9. The Debtors' Chapter 11 Cases should be administered jointly. As set forth above, the voting securities of each of the Debtors is controlled by the same entities. Moreover, because of the nature of the Debtors' business, they share a common business manager and may share creditors. Under these circumstances, joint administration will simplify and substantially reduce the costs of administering the Chapter 11 Cases by, among other things, obviating the need for duplication of service of notices, applications and orders. If the Debtors' Chapter 11 Cases are not jointly

administered, thereby allowing pleadings and other papers filed in their cases to be maintained on a single common docket, the Debtors frequently will have to prepare and send multiple versions of the same notices and pleadings to their common creditors, which will impose unnecessary administrative burdens and expenses on the Debtors and their Estates.

10.     In addition, if the Chapter 11 Cases are not jointly administered, the burden would not be borne only by the Estates, but also by the Debtors' creditors and other parties in interest. The Debtors have many common creditors and business relationships, such as contractual relationships, with third parties. Absent joint administration, those creditors and interested parties would receive multiple versions of the same notices and pleadings, and would have to sort through and keep track of each document to ensure that any differences between seemingly identical documents, if any, could be distinguished, and to be sure that they were receiving notice of all relevant matters. In addition, even creditors who believe that they hold a claim against only one of the Debtors in one case might want to keep track of developments in the other cases to protect their interests. This would be exceedingly difficult, however, if the Debtors and other parties filed separate papers in these Chapter 11 Cases and the creditors had to monitor the events and pleadings on the docket for each of the four cases.

11.     The rights of the Debtors' respective creditors and other interested parties will not be adversely affected by joint administration of these Chapter 11 Cases. Each creditor may still file its claim against the particular Estate that allegedly owes it money.

6

The Debtors will continue to operate, as they have in the past, as separate and distinct entities during the pendency of their Chapter 11 Cases. The Debtors do not propose at this point to take any action that would constitute substantive consolidation of their Estates, but are merely seeking authorization for procedural measures that will simplify and facilitate the efficient administration of their Chapter 11 Cases.

12. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these Chapter 11 Cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the U.S. Trustee will be simplified.

13. On the foregoing, the joint administration of the Chapter 11 Cases is in the best interests of the Debtors, their creditors and all parties-in-interest. Accordingly, the Debtors request that the caption of the Chapter 11 Cases be modified to reflect the joint administration of such cases, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 33 PECK SLIP ACQUISITION LLC, *et al.* | Case No. 15-12479 |
| Debtors, | Jointly Administered |

75620528.1

14. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket of each of the Debtors to reflect the joint administration of these Chapter 11 Cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases commenced by 33 Peck Slip Acquisition LLC; 52 West 13th P, LLC; Gemini 37 West 24th Street MT, LLC; and 36 West 38th Street LLC. The docket in Case No. 15-12479 should be consulted for all matters affecting the above-listed cases.

15. The Debtors also seek authority to file monthly operating reports required by the Operating Guidelines and Financial Reporting Requirements promulgated by the U.S. Trustee on a consolidated basis if the Debtors determine, after consultation with the U.S. Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and would accurately reflect the Debtors' consolidated business operations and financial affairs.

## V.

## NOTICE

16. No trustee, examiner or creditors' committee has been appointed in the Chapter 11 Cases. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York, (b) the Debtors' secured creditors, and (c) the holders of the twenty (20) largest unsecured claims of each Debtor.

17. No previous request for the relief sought herein has been made to this or any other court.

75620528.1

**WHEREFORE**, the Debtors respectfully request entry of an order substantially in the form attached hereto as Exhibit A: (a) directing joint administration of the Debtors' Chapter 11 Cases for procedural purposes only; and (b) granting the Debtors such other and further relief as is just.

Dated:    New York, New York
         September 3, 2015

        **ROBINS KAPLAN LLP**

        By: /s/ David B. Shemano
        David B. Shemano, Esq.
        601 Lexington Avenue
        Suite 3400
        New York, NY 10022-4611
        Tel: (212) 980-7400
        Fax: (212) 980-7499

        -and-

        Howard J. Weg, Esq. (*pro hac vice* pending)
        Scott F. Gautier, Esq. (*pro hac vice* pending)
        2049 Century Park East
        Suite 3400
        Los Angeles, CA 90067-3208
        Tel: (310) 552-0130
        Fax: (310) 229-5800

        *Proposed Counsel for Debtor and Debtor in Possession*

# EXHIBIT A

75620528.1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> 33 PECK SLIP ACQUISITION LLC, <br><br> Debtor, | Chapter 11 <br><br> Case No. 15-12479 <br><br> (Joint Administration Pending) |
| In re: <br><br> 52 WEST 13TH P, LLC, <br><br> Debtor, | Chapter 11 <br><br> Case No. 15-12482 |
| In re: <br><br> GEMINI 37 WEST 24TH STREET MT, LLC, <br><br> Debtor, | Chapter 11 <br><br> Case No. 12-12481 |
| In re: <br><br> 36 WEST 38TH STREET, LLC, <br><br> Debtor, | Chapter 11 <br><br> Case No. 15-12480 |

**ORDER PURSUANT TO RULE 1015(b) OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING**
**<u>JOINT ADMINISTRATION OF CHAPTER 11 CASES</u>**

Upon the motion of 33 Peck Slip Acquisition LLC and certain of its affiliates, as

debtors and debtors in possession (collectively, the "**<u>Debtors</u>**") for an order directing

11

joint administration of the Debtors' Chapter 11 Cases (the "**Motion**")[1]; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their Estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED THAT:**

A.   The Motion is granted as set forth herein.

B.   The Debtors' respective captioned and numbered cases are consolidated, for procedural purposes only, and shall be jointly administered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

---

[1]   Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

75620528.1

  C. A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases commenced by 33 Peck Slip Acquisition LLC; 52 West 13th P, LLC; Gemini 37 West 24th Street MT, LLC; and 36 West 38th Street LLC. The docket in Case No. 15-12479 should be consulted for all matters affecting the above-listed cases.

  D. The caption of the jointly administered cases is to read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>33 PECK SLIP ACQUISITION LLC, *et al.*<br><br>      Debtors, | Chapter 11<br><br>Case No. 15-12479<br><br>Jointly Administered |

  E. The Debtors are authorized to file monthly operating reports required by the Operating Guidelines and Financial Reporting Requirements promulgated by the U.S. Trustee on a consolidated basis if the Debtors determine, after consultation with the U.S. Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and would accurately reflect the Debtors' consolidated business operations and financial affairs.

  F. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned Chapter 11 Cases.

75620528.1

      G.      This Order shall be effective immediately upon its entry.

Dated:      New York, New York
                  September _____, 2015

_____
UNITED STATES BANKRUPTCY JUDGE