David B. Shemano, Esq.
**ROBINS KAPLAN LLP**
601 Lexington Ave., Suite 3400
New York, NY 10022-4611
Telephone: (212) 980-7400
Fax: (212) 980-7499

- and -

Howard J. Weg, Esq. (*pro hac vice* pending)
Scott F. Gautier (*pro hac vice* pending)
**ROBINS KAPLAN LLP**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone:  (310) 552-0130
Fax:  (310) 229-5800

*Proposed Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| 33 PECK SLIP ACQUISITION LLC, | Case No. 15-12479 |
| Debtor, | (Joint Administration Pending) |
| In re: | Chapter 11 |
| 52 WEST 13TH P, LLC, | Case No. 15-12482 |
| Debtor, | |
| In re: | Chapter 11 |
| GEMINI 37 WEST 24TH STREET MT, LLC, | Case No. 12-12481 |
| Debtor, | |

1

61072681.2

| | |
|---|---|
| In re:<br><br>36 WEST 38TH STREET, LLC,<br><br>Debtor, | Chapter 11<br><br>Case No. 15-12480 |

**MOTION OF THE DEBTORS FOR AN ORDER**
**SETTING PLAN CONFIRMATION SCHEDULE**

33 Peck Slip Acquisition LLC ("Best Western Seaport Hotel") and its affiliates: 52 West 13th Street P, LLC ("Jade Greenwich Village Hotel"); Gemini 37 West 24th Street MT, LLC ("Wyndham Flatiron Hotel"); and 36 West 38th Street LLC ("Bryant Park Development Site"), as debtors and debtors-in-possession (collectively, the "**Debtors**"), hereby move on an emergency basis for entry of an Order setting a plan confirmation schedule (the "**Motion**").

**I.**

**JURISDICTION**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter relates to the administration of the Debtors' Estates and, accordingly, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O). Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) and 1121-1129 of title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rules 2002 3016-3020 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").

2

II.

**GENERAL BACKGROUND**

2.  On the date hereof (the "**Petition Date**"), the Debtors commenced the Chapter 11 Cases. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  Additional factual background relating to the Debtors' businesses and the commencement of the chapter 11 cases is set forth in detail in the *Declaration of Christopher La Mack Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York In Support of Debtors' Emergency and Other 'First-Day' Motions*, filed contemporaneously herewith and fully incorporated herein by reference.

III.

**THE COURT SHOULD SET A PLAN CONFIRMATION SCHEDULE**

4.  The Debtors have prepared and are ready to file a joint plan of reorganization substantially in the form attached as Exhibit A (the "**Plan**"). The Plan provides for the sale of each of the Debtors' real estate assets and the distribution of the sale proceeds to the applicable Debtor's creditors and member(s).

5.  Pursuant to the Plan, all creditor classes will either receive payment in full on the effective date of the Plan or will retain unaltered the legal, equitable, and contractual rights to which such claim entitles the holder of such claim, and all member classes will retain unaltered the legal, equitable, and contractual rights to which such interest entitles the holder of such interest. Therefore, all classes under the Plan are

unimpaired within the meaning of section 1124 of the Bankruptcy Code.

6.  Because the Plan does not propose to impair any class of claims or interests, the Debtors are not required to solicit acceptances in order to satisfy the confirmation requirements of section 1129 of the Bankruptcy Code. Accordingly, the Debtors are not required to obtain approval of and serve on interested parties a disclosure statement. *In re Feldman*, 53 B.R. 355, 357-58 (Bankr. S.D.N.Y. 1985); *In re Victory Constr. Co.*, 42 B.R. 145, 154 (Bankr. C.D. Cal. 1984); *In re Union County Wholesale Tobacco & Candy Co.*, 8 B.R. 442 (Bankr. D.N.J. 1981).

7.  Because there is no requirement that the Court approve and the Debtors serve a disclosure statement as a precondition to a confirmation hearing, the Debtors request that the Court set at this time a confirmation schedule that includes the following dates and deadlines:

   a.  A hearing date to consider confirmation of the Plan (the "**Confirmation Hearing**"). The Debtors request that the Confirmation Hearing be set for late October or early November 2015.

   b.  A deadline for interested parties to file and serve objections or proposed modifications to the Plan (the "**Confirmation Objection Deadline**"). The Debtors request that the Confirmation Objection Deadline be approximately two weeks prior to the Confirmation Hearing.

   c.  A deadline for the Debtors to file and serve any declarations in support of confirmation and any memorandum of points and authorities or other papers in support of confirmation of the Plan, including any reply to any timely filed

4

and served objection to confirmation of the Plan. The Debtors request that such deadline be approximately one week prior to the Confirmation Hearing.

8. The Debtors propose to serve a notice of the Confirmation Hearing (the "**Confirmation Hearing Notice**") on all creditors, members and other interested parties no later than 28 days prior to the Confirmation Objection Deadline. Attached as Exhibit B is the form of Confirmation Hearing Notice that the Debtors propose to serve.

## V.

## NOTICE

9. No trustee, examiner or creditors' committee has been appointed in the Chapter 11 Cases. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York, (b) the Debtors' secured creditors, and (c) the holders of the twenty (20) largest unsecured claims of each Debtor.

10. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request entry of an order substantially in the form attached hereto as Exhibit C: (a) setting a plan confirmation schedule; and (b) granting the Debtors such other and further relief as is just.

Dated:   New York, New York
         September 3, 2015

**ROBINS KAPLAN LLP**

By: /s/ David B. Shemano
David B. Shemano, Esq.
601 Lexington Avenue
Suite 3400
New York, NY 10022-4611
Tel: (212) 980-7400
Fax: (212) 980-7499

-and-

Howard J. Weg, Esq. (*pro hac vice* pending)
Scott F. Gautier, Esq. (*pro hac vice* pending)
2049 Century Park East
Suite 3400
Los Angeles, CA 90067-3208
Tel: (310) 552-0130
Fax: (310) 229-5800

*Proposed Counsel for Debtor and Debtor in Possession*

61072681.2