David B. Shemano, Esq.
**ROBINS KAPLAN LLP**
601 Lexington Avenue
Suite 3400
New York, NY 10022-4611
Tel: (212) 980-7400
Fax: (212) 980-7499

- and -

Howard J. Weg, Esq.
Scott F. Gautier, Esq.
**ROBINS KAPLAN LLP**
2049 Century Park East
Suite 3400
Los Angeles, CA 90067-3208
Tel: (310) 522-0130
Fax: (310) 229-5800

*Proposed Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 33 PECK SLIP ACQUISITION LLC, *et al.*[1] | Case No. 15-12479 |
| Debtor, | (Jointly Administered) |

# DISCLOSURE CONCERNING DEBTORS' JOINT
# LIQUIDATING PLAN  DATED OCTOBER 16, 2015

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 33 Peck Slip Acquisition LLC (3412), 52 West 13th P, LLC (4970), 36 West 38th Street, LLC (6842), and Gemini 37 West 24th Street MT, LLC (4143).

1

# I.

## INTRODUCTION

33 Peck Slip Acquisition LLC ("*33 Peck*"); 36 West 38th Street LLC ("*36 West*"); Gemini 37 West 24th Street Mt, LLC ("*37 West*"); and 52 West 13th P, LLC ("*52 West*, and collectively with 33 Peck, 36 West and 37 West, the "*Debtors*"), are debtors and debtors in possession in jointly-administered chapter 11 bankruptcy cases (the "*Chapter 11 Cases*"). The Debtors commenced voluntary bankruptcy cases by filing chapter 11 petitions under the United States Bankruptcy Code ("*Bankruptcy Code*"), 11 U.S.C. § 101 *et. seq.*, on September 3, 2015 (the "*Petition Date*"). The Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*") authorized the joint administration of the Debtors' cases by Orders entered on September 11, 2015.

Chapter 11 allows a debtor, and under some circumstances, creditors and other parties in interest, to propose a plan of reorganization. The plan may provide for the Debtors to reorganize by continuing to operate, to liquidate by selling assets of the estates, or a combination of both. The Debtors (collectively, the "*Plan Proponents*") are the parties proposing the consolidated chapter 11 plan (the "*Plan*") sent to you in the same envelope as this document.

This disclosure is provided to help you understand the Plan. This disclosure, however, cannot tell you everything about your rights. You should consider consulting your own lawyer to obtain more specific advice on how the Plan will affect you and what is the best course of action for you. Any capitalized terms used in this disclosure and not defined shall have the meaning ascribed in the Plan.

You have the right to object to the Plan. Objections to the confirmation of the Plan must be filed with the Bankruptcy Court and served upon: (1) counsel for the Plan Proponents, Robins Kaplan LLP, attention: David B. Shemano, Esq., 2049 Century Park East, Suite 3400, Los Angeles, CA 90067; and (2) the Office of the United States Trustee for Region 2, attention: Greg Zipes, Esq., 201 Varick Street, Suite 1006, New York, New York 10004, by November 13, 2015, at 2:00 p.m., Eastern Standard Time.

# II.

## CASE HISTORY

Each of the Debtors is a limited liability company that owns real estate in New York, New York. 33 Peck owns and operates a Best Western hotel in the South Street Seaport Historic District; 36 West own a development lot in the Bryant Park district that is approved for development as a boutique hotel; 37 West owns and operates a

Wyndham hotel in the Flatiron district; and 52 West owns and operates a boutique hotel in Greenwich Village.

Each of the Debtors is indirectly controlled by either Gemini Real Estate Advisors, LLC ("**GREA**") or Gemini Equity Partners, LLC ("**GEP**"), each a limited liability company owned and/or controlled by Dante A. Massaro ("**Massaro**"), Christopher La Mack ("**La Mack**") and William T. Obeid ("**Obeid**"). In 2014, disputes arose between Massaro, La Mack and Obeid that resulted in litigation. While the dispute among Obeid, La Mack and Massaro has not significantly affected the day-to-day operation of the Debtors' hotels, the ongoing litigation made it impossible to consummate the sale of the hotels to proposed purchasers. Accordingly, the Debtors commenced these chapter 11 cases in order to consummate the sale of the properties.

### III.

### TREATMENT OF CREDITORS AND INTEREST HOLDERS

In summary, subject to the provisions of the Plan, the Debtors will be selling their real estate assets and distributing the cash proceeds to creditors and then members in order of priority on the Effective Date of the Plan. The Effective Date of the proposed Plan for each Debtor will depend on when the sale of that Debtor's real estate assets is consummated. The Debtors expect that all sales will be consummated prior to December 31, 2015, and the Effective Date for all Debtors will occur by January 31, 2016.

#### A. Classification and Treatment of Claims

The Plan classifies all claims against and interests in the Debtors into 28 Classes according to (1) the Debtor against which the claim or interest is asserted, and (2) the type and status of such claim or interest. The following table provides a brief overview of the Classes and their entitlement to vote on the Plan. Detailed information regarding the claims and interests in each Class and their treatment under the Plan is set forth in Article III of the Plan.

| *Class* | *Claim or Interest* | *Treatment* | *Entitlement To Vote* |
|---|---|---|---|
| **1. 33 PECK SLIP ACQUISITION LLC** | | | |
| 1.1 | Non-Tax Priority Claims | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |

3

| *Class* | *Claim or Interest* | *Treatment* | *Entitlement To Vote* |
|---|---|---|---|
| 1.2 | City of New York Secured Claim | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |
| 1.3 | UBS 33 Peck Secured Claim | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |
| 1.4 | Other Secured Claims | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |
| 1.5 | General Unsecured Claims | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |
| 1.6 | Insured Claims | Retain unaltered the legal, equitable, and contractual rights to which the Claim entitles the Holder of the Claim | Deemed to have accepted this Plan and not entitled to vote |
| 1.7 | Interests | Retain unaltered the legal, equitable, and contractual rights to which the Interest entitles the Holder of the Interest | Deemed to have accepted this Plan and not entitled to vote |
| **2. 36 WEST 38TH STREET LLC** | | | |
| 2.1 | Non-Tax Priority Claims | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |
| 2.2 | City of New York Secured Claim | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |

| Class | Claim or Interest | Treatment | Entitlement To Vote |
|---|---|---|---|
| 2.3 | UBS 36 West Secured Claim | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |
| 2.4 | Other Secured Claims | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |
| 2.5 | General Unsecured Claims | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |
| 2.6 | Insured Claims | Retain unaltered the legal, equitable, and contractual rights to which the Claim entitles the Holder of the Claim | Deemed to have accepted this Plan and not entitled to vote |
| 2.7 | Interests | Retain unaltered the legal, equitable, and contractual rights to which the Interest entitles the Holder of the Interest | Deemed to have accepted this Plan and not entitled to vote |
| **3. GEMINI 37 WEST 24TH STREET MT, LLC** | | | |
| 3.1 | Non-Tax Priority Claims | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |
| 3.2 | City of New York Secured Claim | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |
| 3.3 | Cornerstone 37 West Secured Claim | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |

| *Class* | *Claim or Interest* | *Treatment* | *Entitlement To Vote* |
|---|---|---|---|
| 3.4 | Other Secured Claims | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |
| 3.5 | General Unsecured Claims | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |
| 3.6 | Insured Claims | Retain unaltered the legal, equitable, and contractual rights to which the Claim entitles the Holder of the Claim | Deemed to have accepted this Plan and not entitled to vote |
| 3.7 | Interests | Retain unaltered the legal, equitable, and contractual rights to which the Interest entitles the Holder of the Interest | Deemed to have accepted this Plan and not entitled to vote |
| **4. 52 WEST 13TH P, LLC** | | | |
| 4.1 | Non-Tax Priority Claims | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |
| 4.2 | City of New York Secured Claim | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |
| 4.3 | Cornerstone 52 West Secured Claim | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |
| 4.4 | Other Secured Claims | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |

| *Class* | *Claim or Interest* | *Treatment* | *Entitlement To Vote* |
|---|---|---|---|
| 4.5 | General Unsecured Claims | Cash equal to the Allowed amount of the Allowed Claim | Deemed to have accepted this Plan and not entitled to vote |
| 4.6 | Insured Claims | Retain unaltered the legal, equitable, and contractual rights to which the Claim entitles the Holder of the Claim | Deemed to have accepted this Plan and not entitled to vote |
| 4.7 | Interests | Retain unaltered the legal, equitable, and contractual rights to which the Interest entitles the Holder of the Interest | Deemed to have accepted this Plan and not entitled to vote |

  All Classes under the Plan are treated as "unimpaired." If a Class is unimpaired, the Class is deemed by the Bankruptcy Code to have automatically accepted the Plan and is not entitled to vote on whether to accept or reject the Plan. Whether a Class is impaired or unimpaired is governed by section 1124 of the Bankruptcy Code. The Debtors believe that all Classes are unimpaired because under the Plan: (a) each member of the Class will retain unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest, or (b) each member of the Class will receive cash in the full amount of the creditor's Allowed Claim, including postpetition interest. *See generally*, *Solow v. PPI Enters.(U.S.) (In re PPI Enters.(U.S.))*, 324 F.3d 197 (3d Cir. 2003) (claims are unimpaired if paid in full with postpetition interest on effective date).

  With respect to the payment of postpetition interest, the Plan provides for the payment of interest from the Petition Date though the date that the Allowed Claim is satisfied pursuant to the Plan at the greatest of (a) the legally enforceable rate of interest set forth in a contract between the holder of the Allowed Claim and the applicable Debtor, (b) the legally enforceable statutory rate of interest set forth in non-bankruptcy law applicable to such Allowed Claim and (c) the rate set forth in 28 U.S.C. § 1961 as of the Petition Date. The Debtor believes interest at the greatest of such rates is appropriate because the claimant will receive not less than what the claimant would be

entitled to under applicable non-bankruptcy law if the bankruptcy cases had not been commenced.

If you disagree that your claim or interest is unimpaired and believe you have the right to vote to reject the Plan, you may file an objection to the Plan with the Bankruptcy Court.

### B.   Bar Date For Filing Claims And Objections To Claims

Included in the same envelope as this document is a notice of bar date for filing proofs of claim against the Debtors.  As set forth in the notice, the bar date for filing proofs of claim is **DECEMBER 16, 2015**.  **IF YOU DO NOT TIMELY FILE A PROOF OF CLAIM IN ACCORDANCE WITH THE NOTICE OF BAR DATE, YOU MAY NOT RECEIVE PAYMENT ON ACCOUNT OF YOUR CLAIM.**

Pursuant to the Plan, the Debtors reserve the right to review and object to all claims asserted by creditors and a claim will not be paid until the Debtors determine the claim is Allowed.  If there is a dispute regarding your claim, you will be served with an objection to claim and the Bankruptcy Court will adjudicate the dispute.  A claim will not be paid unless and until the claim is determined to be an allowed claim under the Plan.

### IV.

### SALE OF REAL ESTATE ASSETS

The distribution to creditors will be funded from the proceeds of the sale of the Debtor's real estate assets.  On September 8, 2015, each of the Debtors filed a motion for approval of the sale of its real estate assets.  In summary:

- 33 Peck has entered into an agreement to sell its real property located at 33 Peck Slip, New York, NY, to Morning View Hotels - New York Seaport, LLC for $37,300,000.

- 36 West entered into an agreement to sell its real property located at 36 West 38th Street, New York, NY, to Hansji Corporation for $25,500,000. Subsequently, Hanji Corporation elected to terminate the agreement.  The Debtors expect that a new agreement with a new buyer will be filed with the Bankruptcy Court prior to the Confirmation Hearing.

- 37 West has entered into an agreement to sell its real property located at 37 West 24th Street, New York, NY, to Bridgeton Acquisitions LLC for $57,000,000.

- 52 West has entered into an agreement to sell its real property located at 52 West 13th Street, New York, NY, to Bridgeton Acquisitions LLC for $78,000,000.

Each of the sales, subject to higher and better bids, will be consummated in connection with the Plan.

The Debtors believe the sales will result in proceeds more than sufficient to satisfy all creditor claims:

| Debtor | Sale Proceeds | Estimated Secured Tax Claims | Estimated Other Secured Claims | Estimated Unsecured Claims | Net Proceeds After Satisfaction Of All Creditor Claims[2] |
|---|---|---|---|---|---|
| 33 Peck | $37,300,000 | $240,925 | $30,682,075 | $330,859 | $6,046,141 |
| 36 West | $25,500,000 | $69,117 | $19,138,752 | $247,399 | $6,044,732 |
| 37 West | $57,000,000 | $522,762 | $33,594,943 | $379,377 | $22,502,918 |
| 52 West | $78,000,000 | $636,824 | $50,771,788 | $545,660 | $26,045,728 |

V.

## AVOIDANCE ACTIONS

Under the Bankruptcy Code, the Debtors have the right to sue creditors to avoid and recover preferential and fraudulent transfers. Under the Plan, the Debtors will be retaining the right to prosecute such avoidance actions. However, because the Debtors believe they are solvent and all creditors will be paid in full under the Plan, the Debtors do not expect that any avoidance actions will be commenced against creditors.

---

[2] These amounts do not include the value of any additional personal property owned by the Debtors. The identity and estimated value of the personal property is described in the Debtors' Schedules of Assets and Liabilities filed on September 3, 2015.

9

## VI.

## **EXECUTORY CONTRACTS**

Under the Bankruptcy Code, the Debtors have the right to assume or reject executory contracts, which are contracts under which both parties have remaining material performance obligations. Included in the same envelope as this document is a notice describing all known executory contracts to which a Debtor is a party.

In summary, all executory contracts will be rejected unless, on or prior to the Effective Date, the Debtors serve notice of intent to assume and assign such Executory Contract or Unexpired Lease. If an executory contract is rejected, the creditor will have the right to file a proof of claim for damages arising from such rejection. If an executory contract is assumed, the creditor will be entitled to a cure of all defaults as a condition to assumption and assignment. The Debtors expect that substantially all executory contracts will be assumed and assigned to the buyers of the Real Estate Assets pursuant to the Real Estate Purchase Agreements. Pursuant to the Real Estate Purchase Agreements the buyers will have the right to designate executory contracts for assumption and assignment. If an executory contract is to be assumed and assigned, the Debtors will serve on the non-Debtor party a notice of assumption and assignment. Any disputes concerning the treatment of executory contracts, including the determination of cure amounts and rejection claims, will be adjudicated by the Bankruptcy Court.

## VII.

## **INJUNCTION AND EXCULPATION**

Article IX of the Plan includes injunction and exculpation provisions. Article 9.3 provides that all persons whose claim is satisfied in full under the Plan are enjoined from taking any action regarding the satisfied claim against the Debtors and related parties. Article 9.4 exculpates the Debtors and related parties from any liability for any act or omission in connection with, relating to, or arising out of these bankruptcy cases. If you believe your rights are improperly prejudiced by the injunction and exculpation provisions, you may file an objection to the Plan with the Bankruptcy Court.

## VIII.

## **CONFIRMATION REQUIREMENTS AND PROCEDURES**

PERSONS OR ENTITIES CONCERNED WITH CONFIRMATION OF THE PLAN SHOULD CONSULT WITH THEIR OWN ATTORNEYS BECAUSE THE LAW ON CONFIRMING A PLAN OF REORGANIZATION IS VERY COMPLEX. The

following discussion is intended solely for the purpose of alerting readers about basic confirmation issues, which they may wish to consider, as well as certain deadlines for filing Claims. The Plan Proponents CANNOT and DO NOT represent that the discussion contained below is a complete summary of the law on this topic.

In order for the Bankruptcy Court to confirm a plan, the Bankruptcy Court must find that the plan satisfies all of the requirements of section 1129 of the Bankruptcy Code. Some of the requirements include that the Plan must be proposed in good faith, acceptance of the Plan, whether the Plan pays creditors at least as much as creditors would receive in a chapter 7 liquidation, and whether the plan is feasible. These requirements are not the only requirements for confirmation.

### A. You May Object to Confirmation of the Plan

Any party in interest may object to the confirmation of the Plan. The Court has established **November 13, 2015, at 2:00 p.m., Eastern Standard Time,** as the last date and time for filing and serving objections or proposed modifications to the Plan (the "*Plan Objection Deadline*"). To be considered by the Court, objections or proposed modifications to the Plan must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection or proposed modification, and (d) comply with the Bankruptcy Rules and the Local Rules to be filed with the Clerk of the Court, with a copy delivered to Chambers, and served so as to be received on or before the Plan Objection Deadline by:

> Counsel to the Debtors:
> Robins Kaplan LLP
> 601 Lexington Ave., Suite 3400
> New York, NY 10022-4611
> Attn: David B. Shemano
>
> and
>
> Robins Kaplan LLP
> 2049 Century Park East, Suite 3400
> Los Angeles, CA 90067
> Attn: Scott F. Gautier
>
> United States Trustee
> Office of the Unites States Trustee
> 201 Varick Street, Suite 1006
> New York, NY 10004
> Attn: Greg Zipes

11

**The Court will consider only written objections filed and served by the Plan Objection Deadline. Objections not timely filed and served in accordance with the provisions of this Notice may not be heard and may be overruled.**

### B. No Interested Party May Vote On The Plan Because All Classes Are Unimpaired Under The Plan.

If a plan includes one or more impaired classes, the Bankruptcy Court cannot confirm the plan unless (1) at least one impaired class has accepted the plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the plan, unless the plan is eligible to be confirmed by "cramdown" on non-accepting Classes. An impaired class of claims is considered to have accepted the plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the claims that actually voted, voted in favor of the plan. A class of interests is considered to have accepted the plan when at least two-thirds (2/3) in amount of the interest holders of such class that actually voted, voted to accept the plan.

As set forth above, all of the Classes under the Plan are unimpaired. Therefore, pursuant to section 1126 of the Bankruptcy Code, all creditors and interest holders are deemed to have accepted the Plan and no creditor or interest holder is entitled to vote on the Plan.

### C. The Best Interests Test Is Not Applicable

Another confirmation requirement is the "Best Interest Test," which requires a liquidation analysis. Under the Best Interest Test, if a claimant or interest holder is in an impaired Class and that claimant or interest holder does not vote to accept the Plan, then that claimant or interest holder must receive or retain under the Plan property of a value not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.

As set forth above, all of the Classes under the Plan are unimpaired. Therefore, the Best Interest Test does not apply. Nevertheless, as all creditors will be receiving payment in full plus postpetition interest at not less than the federal judgment rate, creditors will be receiving value not less than would be received in a chapter 7 case.

### D. The Plan Is Feasible

Another requirement for confirmation involves the feasibility of the Plan, which means that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successor to the Debtors under the Plan, unless such liquidation or reorganization is proposed in the Plan.

As set forth above, the Debtors will be consummating the sale of their real properties pursuant to the Plan, the proceeds of the sales will be used to satisfy the claims of creditors, and the Debtors will not have any future payment obligations to creditors. Therefore, the feasibility requirement is satisfied.

The "Effective Date" of the Plan with respect to a Debtor, which is the date by which the Plan will be confirmed, the sale of the Debtor's real property will be closed, and the proceeds ready for distribution, is expected to occur by January 31, 2016.

Dated:   New York, New York
         October 16, 2015

**ROBINS KAPLAN LLP**

By: /s/ David B. Shemano
David B. Shemano, Esq.
601 Lexington Avenue
Suite 3400
New York, NY 10022-4611
Tel: (212) 980-7400
Fax: (212) 980-7499

-and-

Howard J. Weg, Esq.
Scott F. Gautier, Esq.
2049 Century Park East
Suite 3400
Los Angeles, CA 90067-3208
Tel: (310) 552-0130
Fax: (310) 229-5800

*Proposed Counsel for Debtors and Debtors in Possession*