UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> 33 PECK SLIP ACQUISITION LLC, *et al.*,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 15-12479(JLG) <br><br> Jointly Administered |

**ORDER GRANTING MOTION PURSUANT TO 11 U.S.C. § 362(d) AND F.R.B.P. 4001 FOR RELIEF FROM THE AUTOMATIC STAY TO PURSUE PENDING DERIVATIVE CLAIMS ON BEHALF OF DEBTORS IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

A motion having been filed on November 5, 2015, by Meister Seelig & Fein LLP, counsel to interested party William T. Obeid ("Obeid") for an order, pursuant to Section 362(d) of Title 11 of the United States Code ("Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure granting: (i) relief from the automatic stay to continue the prosecution, short of collection of any resulting judgment or settlement of the claims, of Obeid's derivative claims in the pre-petition action now pending before United States District Court Judge Laura Taylor Swain styled *William T. Obeid v. Christopher La Mack et al.,* Case No. 14-CV-6498 (LTS) (the "Federal Action"), to the extent such claims are asserted on behalf of 33 Peck Slip Acquisition, LLC ("Seaport Debtor"), 36 West 38th Street, LLC ("Bryant Park Debtor"), 52 West 13th P, LLC ("Jade Debtor") and Gemini 37 West 24th Street, LLC ("Wyndham Debtor") (collectively, the "Debtor Entities") (the "Derivative Claims") against Christopher La Mack ("La Mack"), Dante Massaro ("Massaro"), Elevation Real Estate Group ("Elevation"), Bridgeton Holdings, LLC, Bridgeton Hotel Management, LLC, Bridgeton Acquisitions, LLC (collectively

---

[1] The Debtors are the following four entities (docket number for each individually filed petition follows in parentheses): 33 Peck Slip Acquisition LLC (15-12479), 36 West 38th Street, LLC (15-12480), Gemini 37 West 24th Street MT, LLC (15-12481), and 52 West 13th P, LLC (15-12482).

[6712-003/4807937/1]

"Bridgeton") and Atit Jariwala ("Jariwala," and together, with Bridgeton, the "Bridgeton Defendants"); and (ii) for such other and further relief as the Bankruptcy Court deems just and proper (the "Motion"); it is

**ORDERED** that the Motion is granted to permit Obeid and the parties to proceed with the Derivative Claims, subject to this Order; and it is further

**ORDERED** that until the Effective Date (as defined in Debtors' Modified Plan) there shall be no further action with respect to the Derivative Claims[2] except for discovery, discovery-related motions, and other motions currently pending in the Federal Action; and it is further

**ORDERED** that Obeid shall have the right to file a motion for further relief from the automatic stay in the event that the Effective Date is delayed beyond the discovery period in the Federal Action such that the automatic stay (as modified by this Order) could delay the prosecution of the Derivative Claims asserted by Obeid in the Federal Action.

Dated: New York, New York
        December 3, 2015

/s/ *James L. Garrity, Jr.*
JAMES L. GARRITY, JR.
United States Bankruptcy Judge

---

[2] For the avoidance of doubt, this limitation shall not apply to the other claims, derivative or direct, asserted by Obeid.

[6712-003/4807937/1]