David B. Shemano, Esq.
**ROBINS KAPLAN LLP**
601 Lexington Avenue
Suite 3400
New York, NY 10022-4611
Tel:  (212) 980-7400
Fax: (212) 980-7499

- and -

Howard J. Weg, Esq.
Scott F. Gautier, Esq.
**ROBINS KAPLAN LLP**
2049 Century Park East
Suite 3400
Los Angeles, CA 90067-3208
Tel:  (310) 552-0130
Fax: (310) 229-5800

*Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 33 Peck Slip Acquisition LLC, *et al*. | Case No. 15-12479 (JLG) |
| Debtors. [1] | (Jointly Administered) |

**ORDER CONFIRMING DEBTORS' FIRST AMENDED**
**JOINT LIQUIDATING PLAN DATED DECEMBER 2, 2015**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 33 Peck Slip Acquisition LLC (3412), 52 West 13th P, LLC (4970), 36 West 38th Street, LLC (6842), and Gemini 37 West 24th Street MT, LLC (4143).

The hearing to consider confirmation of the Debtors' Joint Liquidating Plan Dated October 16, 2015, filed by: 33 Peck Slip Acquisition LLC ("**33 Peck**"); 36 West 38th Street, LLC ("**36 West**"); Gemini 37 West 24th Street MT, LLC ("**37 West**"); and 52 West 13th P, LLC ("**52 West**"), as debtors and debtors in possession (collectively, the "**Debtors**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") was held before the Honorable James L. Garrity, United States Bankruptcy Judge, on November 30, 2015, at 2:00 p.m. (the "**Confirmation Hearing**").  Appearances were made as reflected in the Bankruptcy Court's record.  Capitalized terms used herein shall have the meaning ascribed to them in the Plan (as defined below), unless otherwise defined.

After a hearing on October 7, 2015 (the "**Plan Scheduling Hearing**"), the Bankruptcy Court entered the Order Setting Plan Confirmation Schedule [Docket No. 100] (the "**Plan Scheduling Order**").  In accordance with the Plan Scheduling Order, on October 19, 2015, the Debtors served on all creditors, members and other parties in interest: (a) the Debtors' Joint Liquidating Plan Dated October 16, 2015 [Docket No. 156] (the "**October 16 Plan**"), (b) a notice of the confirmation hearing on the October 16 Plan [Docket No. 153] (the "**Confirmation Notice**"), (c) a disclosure document summarizing the October 16 Plan [Docket No. 155] (the "**Disclosure Document**"), and (d) a notice regarding treatment of executory contracts under October 16 Plan [Docket No. 154] (the "**Executory Contracts Notice**").

On October 19, 2015, the Bankruptcy Court entered an Order Establishing Deadline For Filing Proofs Of Claim And Approving The Form And Manner of Notice Thereof [Docket No. 101] (the "**Bar Date Order**").  The Bar Date Order provides that the last date to file a proof of claim in these Chapter 11 Cases is December 16, 2015 (the "**General Bar Date**") and the last date for governmental units to file proofs of claim is March 1, 2016 (the "**Governmental Bar Dates**").  On October 19, 2015, the Debtors served the Notice of Deadline For Filing Proofs Of Claim Against The Debtors On Or Before December 16, 2015 (the "**Bar Date Notice**") on all parties set forth in the Bar Date Order.

The following objections to the October 16 Plan were filed with the Bankruptcy Court: (1) Amended Objection Of The New York City Department Of Finance To Debtors' Plan

2

Confirmation Dated October 16,2015 [Docket No. 165], which incorporated by reference the
City of New York's original Objection to Confirmation  [Docket 59] (collectively, the "**NYC
Objection**"); (2) Joinder By The New York State Department Of Taxation And Finance In
Objection Of The New York City Department Of Finance To Plan Confirmation And Proposed
Exemption Under 11 U.S.C. Section 1146 [Docket No. 151] ("**NYS Joinder**"); (3) Limited
Objection Of Local 966, IBT To Debtors' Proposed Joint Liquidating Plan [Docket No. 159]
("**Local 966 Limited Objection**"); (4) Cornerstone Lenders' Protective Objections And
Responses To Plan Confirmation [Docket No. 163] ("**Cornerstone Protective Objections**"),
supported by the Declaration of Justin Preftakes [Docket No. 170] ("**Preftakes Declaration**");
(5) UBS Lenders' Reservation Of Rights And Joinder In Cornerstone Lenders' Protective
Objections And Responses To Plan Confirmation [Docket No. 167] ("**UBS Reservation of
Rights**"); (6) William T. Obeid's Objection To Confirmation Of Debtors' Joint Liquidating Plan
Dated October 16, 2015 [Docket No. 162] ("**Obeid Objection**"); and (7) Oracle's Rights
Reservation Regarding Debtors' Joint Liquidating Plan Dated October 16, 2015 ("**Oracle
Reservation of Rights**") [Docket No. 161] (collectively, the "**Objections**")

      In support of the October 16 Plan, the Debtors filed an Amended Affidavit of Service
[Docket No. 157] (the "**Affidavit of Service**"), a Memorandum Of Points And Authorities In
Support Of Confirmation Of The Debtors' Joint Liquidating Plan Dated October 16, 2015
[Docket No. 173] (the "**Confirmation Memorandum**"), a Reply In Support Of Confirmation Of
The Debtors' Joint Liquidating Plan Dated October 16, 2015 [Docket No. 172] (the "**Reply**"),
the Declaration of Christopher F. La Mack In Support Of Confirmation Of The Debtors' Joint
Plan Of Liquidation Dated October 16, 2015 [Docket No. 174] (the "**La Mack Declaration**"),
the Declaration of Douglas Hercher In Support Of Confirmation Of The Debtors' Joint Plan of
Liquidation Dated October 16, 2015 [Docket No. 175] (the "**Hercher Declaration**"), and the
Supplemental Declaration of Christopher F. La Mack In Support Of Confirmation Of The
Debtors' Chapter 11 Plans [Docket No. 186] (the "**Supplemental La Mack Declaration**").

      The Debtor attached as an Exhibit to the Reply proposed modifications to the October 16
Plan to address the Objections (including all additional modifications that were proposed at or

prior to the Confirmation Hearing, the "**Modifications**").

At or prior to the Confirmation Hearing, each of the parties that filed an Objection withdrew its Objection or its Objection was consensually resolved by the provisions of this Order.

On December 2, 2015, the Debtors filed their First Amended Joint Liquidating Plan Dated December 2, 2015 [Docket No. 195] (the "**Plan**").

After consideration of the October 16 Plan, the Disclosure Document, the Confirmation Notice, the Executory Contracts Notice, the Bar Date Notice, the Objections, the Preftakes Declaration, the Affidavit of Service, the Confirmation Memorandum, the Reply, the La Mack Declaration, the Hercher Declaration, the Supplemental La Mack Declaration, the Modifications, the Plan, the arguments of counsel, the files and records in these Chapter 11 Cases, and good cause appearing, the Bankruptcy Court hereby makes the following findings of fact and conclusions of law:

1.    The Bankruptcy Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O).  Venue of the Chapter 11 Cases is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The Debtors complied with the Plan Scheduling Order in serving the October 16 Plan, Disclosure Document, Executory Contracts Notice and Confirmation Notice.  The Debtors complied with the Bar Date Order in serving the Bar Date Notice.  The October 16 Plan, Disclosure Document, Executory Contracts Notice, Confirmation Notice and Bar Date Notice were transmitted and served in compliance with the Bankruptcy Rules, the Local Bankruptcy Rules, the Plan Scheduling Order and the Bar Date Order, and such transmittal and service were adequate and sufficient and no further notice is required.

3.    The Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.  Article 3 of the Plan adequately and properly identifies and classifies all Claims and Interests.  The Plan designates twenty-four (24) Classes of Claims and four (4) Classes of Interests.  The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case

4

may be, in each such Class.  Valid business and legal reasons exist for the various Classes of
Claims and Interests created under the Plan, and such Classes do not unfairly discriminate
between holders of Claims or Equity Interests.

4.    The Plan satisfies section 1123(a)(2) of the Bankruptcy Code.  The Plan specifies
that all Classes are unimpaired under the Plan.

5.    The Plan satisfies section 1123(a)(3) of the Bankruptcy Code.  The Plan states that
there are no Classes under the Plan that are Impaired and entitled to vote to accept or reject the
Plan.

6.    The Plan satisfies section 1123(a)(4) of the Bankruptcy Code.  Except as described
herein, Article 3 of the Plan provides for the same treatment for each Claim or Interest in each
respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable
treatment of such Claim or Interest.

7.    The Plan satisfies section 1123(a)(5) of the Bankruptcy Code.  Article 5 of the Plan
provides adequate and proper means for implementation of the Plan.

8.    The Plan satisfies section 1123(a)(6) of the Bankruptcy Code.  Section 5.1 of the
Plan provides that the Debtors' organizational documents shall be amended to prohibit the
Reorganized Debtors from issuing non-voting equity securities, to the extent necessary to
comply with section 1123(a)(6).

9.    The Plan satisfies section 1123(a)(7) of the Bankruptcy Code.  Section 5.9 of the
Plan contains provisions with respect to the manner of selection of directors and officers of the
Reorganized Debtors that are consistent with the interests of creditors, equity security holders,
and public policy.

10.    The Plan satisfies section 1129(a)(1) of the Plan.  The Plan complies with the
applicable provisions of the Bankruptcy Code.

11.    The Plan satisfies section 1129(a)(2) of the Bankruptcy Code.  All of the Classes
under the Plan are unimpaired. Therefore, pursuant to section 1126 of the Bankruptcy Code, all
creditors and interest holders are deemed to have accepted the Plan and no creditor or interest
holder is entitled to vote on the Plan.   Accordingly, the Debtors were not required to solicit

acceptances of the Plan.   Copies of the October 16 Plan, Disclosure Document, Executory

Contracts Notice and Confirmation Notice were served on all creditors, members and other

parties in interest.  Therefore, the Debtors have complied with the solicitation and disclosure

requirements of section 1125 to the extent applicable.

12.  The Plan satisfies section 1129(a)(3) of the Bankruptcy Code. The Debtors have

proposed the Plan in good faith and not by any means forbidden by law. The Plan was developed

in good faith and was proposed with the legitimate and honest purpose of selling the Debtors'

assets through an orderly process reasonably calculated to maximize value in the current market

under the circumstances for the benefit of the Estates, creditors and other parties in interest, to

satisfy all claims of the Debtors' creditors, to address the Debtors' defaults under their loan

documents, to minimize and/or resolve various pending or threatened litigations, and to avoid the

pursuit of creditor remedies.

13.  The Plan satisfies section 1129(a)(4) of the Bankruptcy Code.  Any payment made or

to be made by the Debtors, or by a person issuing securities or acquiring property under the Plan,

for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in

connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is

subject to the approval of, this Bankruptcy Court as reasonable.

14.  The Plan satisfies section 1129(a)(5) of the Bankruptcy Code.  Section 5.9 of the

Plan discloses the identity and affiliations of the individuals or entities proposed to serve as the

initial management of the Reorganized Debtors after confirmation of the Plan, and the

appointment to, or continuance in, such offices is consistent with the interests of creditors and

with public policy.

15.  Section 1129(a)(6) of the Bankruptcy Code is not applicable to the Plan because the

Debtors have not operated in a regulated industry.

16.  The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.  All of the Classes

under the Plan are unimpaired. Therefore, the "best interests of creditors" test does not apply.

Nevertheless, as all creditors will be receiving payment in full plus postpetition interest at not

less than the federal judgment rate, creditors will be receiving value not less than would be

received in a chapter 7 case.

17.    All of the Classes under the Plan are unimpaired.  Each member of each Class
receives one of the following two treatments: (a) the legal, equitable, and contractual rights of
the member of the Class are left unaltered, or (b) the Claim as of the Petition Date is paid in full
plus interest from the Petition Date though the date that the Allowed Claim is satisfied pursuant
to the Plan at the greatest of (i) the legally enforceable rate of interest set forth in a contract
between the Holder of the Allowed Claim and the applicable Debtor, (ii) the legally enforceable
statutory rate of interest set forth in non-bankruptcy law applicable to such Allowed Claim, and
(iii) the rate set forth in 28 U.S.C. § 1961 as of the Petition Date.  Therefore, pursuant to section
1126 of the Bankruptcy Code, all creditors and interest holders are deemed to have accepted the
Plan and no creditor or interest holder is entitled to vote on the Plan.  Thus, the Plan satisfies
section 1129(a)(8) of the Bankruptcy Code.

18.    The Plan satisfies section 1129(a)(9) of the Bankruptcy Code.  The treatment of
Administrative Expense Claims under Section 2.2 of the Plan and Priority Non-Tax Claims
under Sections 3.3, 3.4, 3.5 and 3.6 of the Plan, respectively, satisfies the requirements of
sections 1129(a)(9)(A) and (B), the treatment of Priority Tax Claims under Section 2.4 of the
Plan satisfies the requirements of section 1129(a)(9)(C), and the treatment of secured claims that
would otherwise be an unsecured claim of a governmental unit under section 507(a)(8) of the
Bankruptcy Code under Article 3 satisfies the requirements of section 1129(a)(9)(D).

19.    Section 1129(a)(10) of the Plan is inapplicable because all of the Classes under the
Plan are unimpaired.

20.    The Plan satisfies section 1129(a)(11) of the Plan.  Pursuant to the Plan, the Debtors
will be consummating the sale of the Real Estate Assets, the proceeds of the sales will be used to
satisfy the claims of creditors, and the Debtors will not have any future payment obligations to
creditors.  Based on the reliable and credible evidence presented in the La Mack Declaration, the
Hercher Declaration, and at the Confirmation Hearing, the Reorganized Debtors will be able to
timely consummate the sale of the Real Estate Assets and make or cause to be made, the
distributions required under the Plan, and they will be able to perform their obligations under the

7

Plan following the Confirmation Date so that the applicable Effective Date for each Debtor will timely occur.  Accordingly, the Plan has a reasonably likelihood of viability and satisfies the feasibility requirement of section 1129(a)(11).

21.  The Plan satisfies section 1129(a)(12) of the Bankruptcy Code.  All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to Sections 2.1 and 11.4 of the Plan.

22.  Section 1129(a)(13) of the Bankruptcy Code is not applicable because the Debtors do not provide "retiree benefits" as such term is defined in section 1144 of the Bankruptcy Code.

23.  Section 1129(a)(14) of the Bankruptcy Code is not applicable because the Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.

24.  Section 1129(a)(15) of the Bankruptcy Code is not applicable because none of the Debtors is an individual.

25.  Section 1129(a)(16) of the Bankruptcy Code is not applicable because each of the Debtors is a moneyed, business, or commercial corporation.

26.  Section 1129(b) of the Bankruptcy Code is not applicable because all of the Classes under the Plan are unimpaired and no impaired Class voted to reject the Plan  Therefore, the Debtors do not request confirmation of the pursuant to section 1129(b) of the Bankruptcy Code.

27.  Section 1129(c) of the Bankruptcy Code is not applicable because the Debtors' Plan is the only plan filed in the Chapter 11 Cases.

28.  The Plan satisfies section 1129(d) of the Bankruptcy Code.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, as amended (15 U.S.C. § 77e).

29.  All objections to the confirmation of the Plan filed with this Court have been withdrawn, settled or overruled.

30.  The Modifications to the Plan do not constitute material modifications of the Plan, do not impair any creditor, and will not alter the economic effect of any of the distributions provided for in the Plan.

8

31.  Upon entry of this Order, any conditions precedent to confirmation of the Plan set forth in Section 8.1 of the Plan will be satisfied.  The occurrence of the Effective Date for each Debtor is conditioned upon the satisfaction of each of the conditions precedent set forth in Section 8.2 of the Plan.

32.  This Bankruptcy Court may properly retain jurisdiction over the matters set forth in Article 10 of the Plan.

Based on the foregoing findings of fact and conclusions of law, it is hereby **ORDERED THAT**:

A.  The Plan, a copy of which is attached hereto as Exhibit A and which incorporates all Modifications as described in the Reply and proposed at the Confirmation Hearing, is hereby approved and confirmed pursuant to section 1129 of the Bankruptcy Code.

B.  Each objection to confirmation of the Plan that has not been withdrawn, waived, or settled is overruled.  To the extent that pleadings filed by individuals or entities constitute objections to confirmation of the Plan and have not been withdrawn, waived, or settled, they are overruled.

C.  On the Effective Date for a Debtor, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property of that Debtor's estate (including Retained Actions) shall vest in the Reorganized Debtor free and clear of all Claims, liens, charges, encumbrances, rights and Interests of creditors and equity security holders except as otherwise set forth in the Plan.  The Reorganized Debtors may operate their businesses and may use, acquire, and dispose of property and settle and compromise Claims or Interests without supervision of the Bankruptcy Court, free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, other than those restrictions expressly imposed by the Plan or this Order.

D.  This Order constitutes approval of this Bankruptcy Court that under sections 1123(a)(5)(D) and 1141(c) of the Bankruptcy Code and Article 5.3 of the Plan, each transfer of a Real Estate Asset pursuant to the Plan (each a "**Sale**" and collectively, the "**Sales**") shall be free and clear of all Claims, liens, charges, encumbrances, rights and Interests, including (i) the ownership interests of the Debtor and its predecessors and successors in interest, (ii) any

unrecorded equitable or legal interest in the Real Estate Asset asserted by any person or entity, or their respective predecessors and successors in interest; (iii) the claims, liens or interests of any person or entity, or their respective predecessors and successors in interest, against the Debtor which do not constitute liens against or interests in the Real Estate Asset, (iv) the claims, liens or interests of the New York City Department of Finance and the New York State Department of Taxation and Finance, (v)  the claims, liens or interests of SBNP SIA Mortgage I,  CEMF I USB LLC, and all of their affiliates, (vi) the claims, liens or interests of UBS Realty Investors LLC, 36 West 38th Street Hotel Capital LLC, 33 Peck Slip Hotel Capital, LLC, and all of their affiliates, (vi) the Notice of Pendency filed by William T. Obeid against each of the Real Estate Assets on March 16, 2015, and (vii) the claims or interests asserted by any other person or entity, or their respective predecessors and successors in interest, evidenced by liens of record.

E.    Notwithstanding anything to the contrary in the Plan, 36 West shall not consummate a sale of the 36 West Asset unless and until the Bankruptcy Court enters an Order approving sale procedures for the sale of the 36 West Asset.

F.    Notwithstanding anything to the contrary in the Plan, if any of the Debtors propose to consummate a Sale for a price that is less than the amount that is the aggregate of the following applicable claims estimated in the Disclosure Document for that Debtor: (1) Estimated Secured Tax Claims, (2) Estimated Other Secured Claims, and (3) Estimated Unsecured Claims, that Debtor shall serve notice of such proposed Sale price on all interested parties and provide interested parties not less than seven days to object to such Sale.  If any interested party objects to the Sale at such price, that Debtor may not consummate such Sale unless and until the Bankruptcy Court enters an Order confirming that the Sale may be consummated at such price.

G.    Pending the payments to creditors pursuant to the Plan, the Debtors shall deposit the proceeds of each Sale in a segregated account, and all claims, liens and interests asserted by secured creditors shall attached to the proceeds of each Sale with the same validity, priority and extent, and subject to all defenses and rights, if any, as such claims, liens and interests had on or in the applicable Real Estate Asset prior to the Sale.  The Debtors are authorized to satisfy the undisputed claims of secured creditors from the proceeds of a Sale contemporaneously with the

10

closing of such Sale and prior to the Effective Date, and shall fully fund any reserve or escrow established pursuant to this Order or the Plan to secure future payment of any disputed portion of the secured creditors' claims.  Without limitation, the Debtors shall comply with terms of any prior orders of the Bankruptcy Court, including the final cash collateral orders entered into with the Cornerstone Lenders and UBS Lenders (as defined below),[2] that require satisfaction of an undisputed secured claim contemporaneously with the closing of a Sale.

H.    By way of clarification and in response to the Cornerstone Protective Objections and the UBS Reservation of Rights, the concept of "payment in full" as used in the Plan and in this Order shall include payment of the Secured Obligations, as that term is defined in the Final Cash Collateral Orders.  To the extent any portion of the Secured Obligations is in dispute as of the date of any closing of any Sale, the Reorganized Debtors shall establish a reserve in accordance with the Stipulation attached hereto as Exhibit B (the "**Claim Reserve Stipulation**").  To the extent any of the Debtors' lenders are required to assign their loan documents pursuant to Article 3 of the Plan, such assignments shall be limited to the note(s) and mortgage(s) given or previously assigned to the lenders unless otherwise agreed by the parties or ordered by the Court. For the avoidance of doubt, any assignment of loan documents by the Debtors' lenders shall not result in the lenders assigning, releasing or otherwise relinquishing any of their rights and claims under the Plan, this Confirmation Order and/or the Claim Reserve Stipulation, including the right to "payment in full."  The Debtors' lenders shall reserve and retain all such rights and claims.

I.    By way of clarification and in response to the NYC Objection, the estimated amount of the "Estimated Secured Tax Claims" set forth on page 9 of the Disclosure Document [ECF 155] shall in no way limit or impair the Allowed Amount of the City of New York Secured Claims, including any secured tax claims that were assessed after the date of the Disclosure Document.

J.    This Order constitutes approval of this Bankruptcy Court that under section 365 of

---

[2] The referenced final cash collateral orders are: (i) for 33 Peck, Docket No. 183; (ii) for 36 West, Docket No. 32; (iii) for 37 West, Docket No. 46; and (iv) for 52 West, Docket No. 36 (collectively, the "**Final Cash Collateral Orders**")

the Bankruptcy Code and Article 7 of the Plan, on the Effective Date, all executory contracts and unexpired leases that exist between the Debtors and any entity shall be deemed rejected as of the applicable Effective Date, except for those contracts that will be assumed and assigned in connection with a Sale and for which the Debtors served a Notice of Assumption and Assignment upon the non-debtor party to the contract or lease.  Notwithstanding anything to the contrary in this Order, any Real Estate Sale Agreement, or any other document, the assumption, assumption and assignment or rejection of any executory contract (irrespective of whether or not such executory contract is listed on any schedule to any Real Estate Sale Agreement) shall be governed by the procedures set forth in Article 7 of the Plan.  In the event that any non-Debtor party files an objection to the Notice of Assumption and Assignment of an executory contract served pursuant to the procedures set forth in Article 7 of the Plan, the executory contract shall not be assumed or assumed and assigned except upon further Order of Bankruptcy Court or consensual resolution of the objection.

K.   The Debtors (prior to the Effective Date), the Reorganized Debtors (on and after the Effective Date) and any other necessary party are hereby authorized and empowered pursuant to section 1142(b) of the Bankruptcy Code to issue, execute, deliver, file and record any documents, Bankruptcy Court papers and pleadings, and to take any and all actions that are necessary or desirable to implement, effectuate, or consummate any and all of the transactions contemplated by the Plan, whether or not specifically referred to in the Plan or related documents, and without further application to this Bankruptcy Court.

L.   The entry of this Order shall constitute all approvals, consents and actions required by any governmental units, applicable law, or stockholders, directors, partners, officers, employees, or representatives of the Debtors under applicable law or any documents, instruments, or agreements, to take all corporate, partnership and other actions that are specified in the Plan or this Order, or that are necessary or appropriate to perform the Plan.

M.   Pursuant to section 1146(a) of the Bankruptcy Code, all transfers from a Debtor to  a Reorganized Debtor or from a Debtor to any other Person or entity pursuant to the Plan shall not be subject to any stamp tax or similar tax, including any tax imposed pursuant to NY CLS Tax

§1402 or NYC Administrative Code 11-2102. All federal, state, commonwealth, local, foreign, or other governmental agencies are directed and authorized to accept the validity of (a) any and all documents, trust agreements, mortgages, and instruments, and (b) all actions that are necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan, this Confirmation Order, and the agreements created or contemplated by the Plan, without payment of any stamp tax or similar tax imposed by state or local law. Nothing herein shall be construed to exempt from tax any transfer that is not exempt from tax pursuant to section 1146(a) of the Bankruptcy Code, including any transfer by a non-Debtor or any tax which is not a stamp tax or similar tax.

N.    To the extent this Order or the Plan is inconsistent with the Disclosure Document or any other agreement entered into between the Debtors and any third party, (a) the Plan shall control the Disclosure Document and any such agreements, and (b) this Order shall control the Plan.

O.    Pursuant to section 1141 of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, and except as expressly provided in the Plan or this Order, the provisions of the Plan and this Order shall be binding upon (a) the Debtors, (b) all holders of Claims against or Interests in the Debtors, whether or not impaired under the Plan and whether or not, if impaired, such holders have accepted the Plan, (c) each Person or entity acquiring property under the Plan, (d) any other party in interest, (e) any Person or entity making an appearance in these Chapter 11 Cases, and (f) each of the respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians of any of the foregoing.

P.    Notwithstanding anything to the contrary in the Plan, all contingent and unliquidated indemnity claims against the Debtors and guarantors of such claims against the Debtors, including the contingent and unliquidated environmental indemnity claims asserted by the Cornerstone Lenders, are unaffected and unimpaired by this Order, the Plan and/or any other Order entered in these Chapter 11 Cases; *provided, however*, nothing in this Order affects the rights of the Debtors to seek relief under section 502(c) of the Bankruptcy Code or Article 6.8(c)

13

of the Plan.

Q.    This Order shall supersede any orders of the Bankruptcy Court issued in the Chapter 11 Cases prior to the Confirmation Date to the extent that those prior orders may be inconsistent with this Order.

R.    This Order shall be deemed to be a separate Order of this Bankruptcy Court with respect to each Debtor and the Plan shall be treated as a distinct plan for each Debtor for all purposes.  The Clerk of the Bankruptcy Court is directed to file and docket this Order in the Chapter 11 Cases.  The failure of an Effective Date to occur for one Debtor shall not void, preclude or otherwise affect the occurrence of an Effective Date for another Debtor.

S.    The terms and provisions of the Plan are incorporated by reference into and are an integral part of this Order.  Each term and provision of the Plan is valid, binding and enforceable as though fully set forth herein.  The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are non-several and mutually dependent.  The failure specifically to include or reference any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety.

T.    The classification of Claims for purposes of the distributions to be made under the Plan is governed solely by the terms of the Plan.

U.    The record of the Confirmation Hearing is closed. The findings of fact and conclusions of law of this Bankruptcy Court set forth in this Order and at the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, and such findings of fact and conclusions of law are incorporated herein by reference as if fully set forth herein.

V.    Except as otherwise provided by the Bankruptcy Court, each professional person or firm retained with approval by order of the Bankruptcy Court and requesting compensation from a Debtor pursuant to section 330 of the Bankruptcy Code, is required to file an application for an allowance of final compensation and reimbursement of expenses incurred through the Confirmation Date on or before a date that is sixty (60) days after the Effective Date for that

14

Debtor.  Objections to any such application shall be filed on or before seven (7) days prior to a hearing on any such application.

W.   After the Effective Date, the Reorganized Debtors shall, without the necessity for any application to or approval by the Bankruptcy Court, pay the reasonable fees and expenses, incurred after the Effective Date and in the ordinary course of their business, of the professional persons employed by the Reorganized Debtors in connection with the implementation and consummation of the Plan, the Claims reconciliation process and any other matters as to which such professionals may be engaged.  Such fees and expenses shall be paid within ten (10) Business Days after submission of a detailed invoice therefor.  If the Reorganized Debtors dispute the reasonableness of any invoice for its employed professional person(s), the Reorganized Debtors timely shall pay the undisputed portion of such invoice, and the Reorganized Debtors or the affected professional may submit such dispute to the Bankruptcy Court for a determination of the reasonableness of such portion of the disputed invoice.

X.   The Bankruptcy Court shall retain jurisdiction in accordance with the terms of Article 10 of the Plan, the other provisions of this Order, and section 1142 of the Bankruptcy Code.

Y.   In accordance with Bankruptcy Rules 2002(f) and 3020(c), the Debtors, no later than ten (10) days after the entry of this Order, shall give notice of the entry of the Order by first class mail postage prepaid, by hand or by overnight courier service to all the entities that were sent the Plan (the "**Confirmation Order Notice**").  Mailing of the Confirmation Order Notice in the time and manner set forth in this paragraph is adequate and satisfies the requirements of Bankruptcy Rules 2002(f) and 3020(c), and no further notice is necessary.

Z.   After the entry of this Order, the Debtors or the Reorganized Debtors, as the case may be, may, upon motion and order of the Bankruptcy Court, amend or modify the Plan, in accordance with the Plan and section 1127(b) of the Bankruptcy Code.

AA. Notwithstanding anything to the contrary herein, no notice or service of any kind will be required to be mailed or made upon any person to whom the Debtors mailed a Plan, but received such mailing returned by the United States Postal Service marked "undeliverable as

addressed," "moved – left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such person of that person's new address.

BB. The provisions of this Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

CC. This Bankruptcy Court directs that Bankruptcy Rule 3020(e) shall not apply to this Order and authorizes the Debtors to consummate the Plan immediately after entry of this Order.


Dated: December 8, 2015


/s/ *James L. Garrity, Jr.*
United States Bankruptcy Judge

16